IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMARIA D. CREW                                                                                   PLAINTIFF

       v.                        Civil No. 1:10-cv-01075

SHERIFF DENNY FOSTER;
TRUMAN YOUNG; AND
JANET DELANEY                                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

      This is a civil rights action filed by Plaintiff, Jamaria Crew, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U. S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Currently before the Court is Defendants' Motion to Dismiss. ECF No. 14. In this Motion, Defendants move the Court to dismiss this case based on Plaintiff's failure to comply with the Court's Order granting Defendants' Motion to Compel. ECF No. 13. Plaintiff did not respond to Defendants' Motion to Dismiss. The Court issued a Show Cause Order on August 28, 2012 directing Plaintiff to show cause why this case should not be dismissed based on his failure to comply with court orders. ECF No. 19. Plaintiff responded on September 5, 2012. ECF No. 20.

      In his Response, Plaintiff explained that he was unable to respond to Defendants' discovery requests or the Court's orders because he is functionally illiterate and lost the aide of his "inmate litigator" when he was transferred. Plaintiff has since secured the aide of a new "jailhouse

1

lawyer," responded to Defendants' discovery requests, and is able to proceed in this matter.

The Court is authorized to sanction Plaintiff, when he fails to obey a discovery order, by "dismissing [this] action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). In the Eighth Circuit, a court should only impose the extreme sanction of dismissing a case in limited circumstances. In order to impose this sanction under Rule 37, the following three requirements must be met: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *See Mems v. City of St. Paul, Dept. of Fire and Safety Serv.,* 327 F.3d 771, 779 (8th Cir. 2003) (citation omitted).

Defendants have not shown the Court any prejudice they suffered from Plaintiff's delay in responding to the discovery requests. Therefore, sanctions against Plaintiff—in the form of a dismissal—are not warranted. *Mems,* 327 F.3d at 779.

Accordingly, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 14) be **DENIED**.

**The parties have fourteen days from receipt of the amended report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of October 2012.

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE