IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMARIA D. CREW                                                       PLAINTIFF

        v.                   Civil No. 1:10-cv-01075

SHERIFF DENNY FOSTER;
TRUMAN YOUNG; AND
JANET DELANEY                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jamaria Crew filed this case *pro se* pursuant to 42 U.S.C. § 1983 on November 16, 2010. ECF No. 1. Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.   BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Columbia County Detention Center in Magnolia, Arkansas ("CCDC"). Plaintiff's current address of record indicates he is now incarcerated in the Arkansas Department of Corrections Varner Unit in Grady, Arkansas ("Varner Unit").

In Plaintiff's Complaint, he alleges the jail personnel (1) locked him down in violation of

jail standards; (2) denied him telephone access; (3) denied him outside recreation; and (4) sold him toilet paper from the commissary.  ECF No. 1, p. 4.

On June 28, 2013, Defendants filed a Motion for Summary Judgment.  ECF No. 28.  On July 1, 2013, the Court issued an Order directing Plaintiff to complete and return a Notice Regarding Response to Motion indicating whether he wanted the Court's assistance, through a questionnaire, in responding to Defendants' Motion for Summary Judgment.  ECF No. 31.  This Order was not returned as undeliverable mail.  Plaintiff failed to return the Notice or to file a response to Defendants' Motion for Summary Judgment.

On September 25, 2013, the Court issued an Order to Show Cause directing Plaintiff to show cause why he failed to return the Notice.  The Court gave Plaintiff until October 16, 2013 to respond to the Order to Show Cause, and advised Plaintiff that failure to respond would subject this matter to dismissal.  ECF No. 32.  The Order to Show Cause was not returned as undeliverable mail, and Plaintiff failed to respond.

## II.    APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.   DISCUSSION**

Plaintiff has failed to comply with two Court orders—the Court's July 1, 2013 Order directing Plaintiff to file the completed Notice; and the Court's September 25, 2013 Order to Show Cause.  Plaintiff has also failed to prosecute this case.  He has not responded to Defendants' Motion for Summary Judgment, nor has he communicated with the Court in anyway since October 16, 2012.

Both of the Orders at issue were mailed to Plaintiff at the Varner Unit.  The Court notes that Plaintiff was incarcerated at the Varner Unit at the time the Orders were mailed, and he remains incarcerated at the Varner Unit.  Additionally, neither Order was returned as undeliverable

mail.  The Court, therefore, must presume Plaintiff received and willfully disobeyed each Order.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b); *Hunt,* 203 F.3d at 527.

IV.     CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has willfully failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of October 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE